T.C. Summary Opinion 2008-157

UNITED STATES TAX COURT

RONI YTSHAKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14707-07S.          Filed December 16, 2008.

Roni Ytshaky, pro se.

Jonathan H. Sloat, for respondent.

GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2003 and 2004, the
taxable years in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case. Respondent determined deficiencies in petitioner's 2003 and 2004 Federal income taxes of $3,550 and $1,825, respectively. Respondent also determined accuracy-related penalties under section 6662(a) of $710 and $365 for 2003 and 2004, respectively. We consider whether petitioner is responsible for the income tax deficiencies where the return preparer intentionally included false deductions and whether petitioner is liable for the accuracy-related penalties.

## Background[2]

Petitioner resided in California at the time his petition was filed. During 2003 and 2004 petitioner resided in New York City, where he worked as a driver and received wages that were reported to respondent by means of Forms W-2, Wage and Tax Statement. When it was time to have his 2003 Federal income tax return prepared, a friend at work advised petitioner of a return preparer who was a certified public accountant (C.P.A.) and a former employee of the Internal Revenue Service (IRS).

Petitioner went to the C.P.A.'s office and gave him his Form W-2 for his 2003 wages. The C.P.A., by means of a computerized program, produced a return which he instructed petitioner to sign and mail to the IRS. Petitioner, relying

---

[2]No question was raised in this case as to the burden of proof or production or whether the burden of proof was shifted under sec. 7491.

on his preparer's expertise, did not review the return, signed it, and mailed it to the IRS. For his 2004 Federal income tax return, petitioner used the same C.P.A. and followed the same procedures and circumstances. For each of the years 2003 and 2004 petitioner received an income tax refund. Subsequently, the C.P.A.-tax return preparer was indicted on charges of filing false returns for his clients. Essentially, the C.P.A. was placing false deductions on returns so that the taxpayer/filer's return would result in an overpayment or larger overpayment of tax. Respondent, in connection with the criminal charges against the C.P.A., audited petitioner's returns for 2003 and 2004 and determined that petitioner was not entitled to the false deductions that had been placed on the returns. Petitioner was, of course, not able to substantiate the deductions, and respondent issued a notice of deficiency from which this proceeding was initiated.

## Discussion

Petitioner contends that he should not have to pay the income tax deficiencies because his tax return preparer, unbeknownst to petitioner, falsely and intentionally generated the overpayments and the refunds that petitioner had received. Petitioner also contends that he should not be liable for the accuracy-related penalties because he reasonably relied on his tax return preparer.

With respect to petitioner's contention that he should not be liable to pay the income tax deficiencies, this Court has previously addressed similar circumstances. In Kelly v. Commissioner, T.C. Memo. 1983-156, we held that even though we sympathized with the taxpayers "about the quality of the return preparation services they received, this is simply no reason to relieve petitioners of taxes which were legally owing and which would have been paid upon the filing of their 1976 return if their return had been correctly calculated."

The holding in Kelly is based on the rationale that, ultimately, the circumstances by which we prepare our returns or calculate our tax liabilities do not obviate our obligation to pay the correct tax liability. Petitioner contends that the circumstances in Kelly are distinguishable because the incorrect tax result in that case was caused by poor preparation skills and inadvertence, whereas in petitioner's situation, the incorrect tax results were intentionally and fraudulently caused by his preparer's malfeasance.

Although we sympathize with petitioner's circumstances, the fact that his preparer intentionally caused the wrong tax results does not mitigate his obligation to pay the correct amount of tax. Accordingly, we hold that petitioner is liable for the income tax deficiencies determined by respondent for his 2003 and 2004 tax years.

Respondent determined that petitioner is liable for accuracy-related penalties for both taxable years. Petitioner argues that he relied on his C.P.A. to prepare his return and that such reliance was reasonable and constitutes reasonable cause so as to excuse him from application of the penalties which are otherwise applicable. There is no question here about whether the section 6662(a) accuracy-related penalties would be applicable but for the showing of reasonable cause. The deductions claimed on petitioner's 2003 and 2004 income tax returns were false, and he is unable to substantiate them.

Section 6662(a) and (b)(1) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c). A position with respect to an item is attributable to negligence if it lacks a reasonable basis. See sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with

reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.

Generally, the duty of filing accurate returns cannot be avoided by placing the responsibility on a tax return preparer. See Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987). Although a taxpayer remains liable for a deficiency attributable to a return prepared by an accountant, a taxpayer who supplies a qualified tax return preparer with all relevant information and who reasonably and in good faith relies on the preparer's advice is not negligent and has not disregarded rules or regulations, even if the advice is incorrect and results in a deficiency.  See Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

Although numerous cases address this question, it is one that is essentially a factual determination that must be considered ad hoc in each case.  Petitioner's educational and work background did not provide him with any expertise in tax preparation or an understanding of tax law.  It was reasonable and appropriate that he seek assistance in the preparation of his Federal income tax return.  It was also reasonable for him to hire a C.P.A. who had formerly worked for the IRS as his preparer.  Under the circumstances, it was reasonable for

petitioner to rely on his C.P.A.  We accordingly hold that petitioner has shown reasonable cause and is not liable for the accuracy-related penalties for his 2003 and 2004 tax years.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiencies in income taxes and for petitioner as to the accuracy-related penalties.